```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-23591-Civ-LENARD
                                    (08-20597-Cr-LENARD)
                              MAGISTRATE JUDGE P. A. WHITE
```

EVENS RAYMOND,                  :

      Movant,                  :

v.                              :       REPORT RE DISMISSAL
                                        OF §2255 MOTION
                                        AS TIME-BARRED
UNITED STATES OF AMERICA,       :

      Respondent.              :
_____

This motion to vacate pursuant to 28 U.S.C. §2255 was filed on October 4, 2010.[1] The judgment of conviction in the underlying criminal case, No. 08-20597-Cr-Lenard became final at the latest on June 2, 2009, ten days after entry of the judgment,[2] when the time expired for filing a notice of appeal therefrom.[3]

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] The judgment was entered by the Clerk on May 18, 2009. (Cr-DE#62).

[3] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. Although in 2009 the time for filing a direct appeal was increased from 10 to 14 days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4, the 2009 amendment does not apply here, as movant's conviction was entered on May 18, 2009, the amendment did not become effective until December 1, 2009.

1

As the government correctly concluded, the movant's motion to vacate is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

In his form petition, the movant fails to explain why the one-year statute of limitations period does not bar his motion from review, nor does he show why he should be entitled to equitable tolling. Likewise, on October 18, 2010, an order was issued to the movant to respond to the limitations period, requiring him to show cause why his claims should not be deemed barred from consideration or demonstrate that they were cognizable under one of the four stated grounds. (Cv-DE#6). To date, the movant has filed no response thereto.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Sec'y for Dep't. Of Corrs., 259 F.3d 1310, 1312 (11th Cir. 2001)(state that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. United States, 177 F.3d 1269, 1270 (11th Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(4). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). In Smith, the court specifically stated this approach "is only triggered when a defendant discovers facts, not the legal consequences of those facts." Smith v. United States, 2005 WL 1313445 (D.D.C. 2005); see also United States v. Pollard, 161 F. Supp. 2d 1, 10 (D.D.C. 2001); Brackett v. United States, 270 F. 3d 60, 68-69 (1st Cir. 2001)("concluding that 28 U.S.C. ¶§2255(4) refers to basic primary, or historical facts, not court decisions"). In Candelaria, the court, referencing the First Circuit, stated that "the facts which matter for the purposes of exercising 'due diligence' under §2255(4) are 'evidentiary facts or events and not court rulings or legal consequences of the facts.'" Candelaria v. United States, 247 F. Supp. 2d 125 (D.C. R.I. 2003).

3

Under these circumstances, the statute of limitations on the movant's claim expired.

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claim. See Miller v. N.J. State Dep't. Of Corrs., 145 F.3d 616, 618-19 (3rd Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenge to his convictions and sentences now raised.

Moreover, the movant is not entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.

1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. <u>United States v. Trenkler</u>, 268 F.3d 16, 24-27 (1st Cir. 2001); <u>United States v. Prescott</u>, 221 F.3d 686, 687-89 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); <u>O'Connor v. United States</u>, 133 F.3d 548 (7th Cir. 1998); <u>Johnson v. United States</u>, 246 F.3d 655 (6th Cir. 2001); <u>United States v. Norris</u>, 2000 WL 521482 (DC Cir. 2000); <u>United States v. Chambers</u>, 126 F. Supp. 2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after his judgment became final is untimely. The movant has neither shown that extraordinary circumstances beyond his control existed which precluded him from filing the motion timely nor that he diligently pursued his claim.[4] The time-bar is ultimately the

---

[4] The movant's claim that his due process rights were violated due to his attorney's failure to inform him of his right to appeal is without merit. A review of the sentencing transcript reveals the following:

> Mr. Raymond, it is my duty to inform you sir, that you have ten days with which to appeal the judgment and sentence of this Court. Should you desire to appeal and be without funds with which to prosecute an appeal, an attorney will be appointed to represent you in connection with that appeal. Should you fail to appeal within that ten-day period, it will constitute a waiver of your right to appeal.

(Cr-DE#68:8-9). Evident from the foregoing, even if we take the movant's allegations as true, any deficiency on counsel's behalf was cured by the court's advice.

result of the movant's failure to properly and timely prosecute this federal habeas corpus petition. The movant was required to file this motion to vacate at the latest within one year from the time his conviction became final but he failed to do so.

### Conclusion

It is therefore recommended that this motion to vacate be dismissed as time-barred.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 1st day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Evens Raymond, Pro Se
      Reg. No. 81286-004
      TGK - Correctional Facility
      7000 NW 41st Street
      Miami, FL 33166

---

Moreover, to the extent the movant argues counsel failed to consult regarding the advantages and disadvantages of filing an appeal, this claim is also without merit. Even if assume without deciding that counsel in fact failed to do so, after a thorough review of the record, no showing has been made that a reasonable defendant would have wanted to pursue an appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Finally, because the record is clear that: 1)there was no due diligence on the movant's behalf; 2) the movant did not request counsel to file an appeal; and 3) no reply to the government's response was filed, the movant cannot raise the foregoing arguments for the first time on objections. Arguments not raised by the movant during this collateral proceeding before a magistrate judge cannot thereafter be raised for the first time in objections to a Report and Recommendation. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(qouting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

James H. Swain, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132

Anne Ruth Schultz, AUSA
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132